**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Matthew M. Loker, Esq. (SBN: 279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Alexander H. Lim, Esq. (SBN: 297525)
alex@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Alfonso G. Sandoval

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**ALFONSO G. SANDOVAL,**

Plaintiff,

v.

**LAW OFFICE OF JOHN BOUZANE,**

Defendant.

**Case No.:** CV15-764 JAK (Ex)

**PLAINTIFF ALFONSO G. SANDOVAL'S OPPOSITION TO DEFENDANT LAW OFFICE OF JOHN BOUZANE'S MOTION TO DISMISS**

**DATE:** October 19, 2015
**TIME:** 8:30 a.m.
**COURTROOM:** 730

**HON. JOHN A. KRONSTADT**

///

///

# TABLE OF CONTENTS

PAGE(S)


I. INTRODUCTION ........ 1

II. STATUTORY BACKGROUND ........ 1

A. FAIR DEBT COLLECTION PRACTICES ACT ........ 1

B. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ........ 2

III. STATEMENT OF FACTS ........ 3

IV. LEGAL STANDARD ........ 4

V. ARGUMENT ........ 5

A. DEFENDANT'S ILLEGAL CONDUCT OF SENDING WRITTEN COMMUNICATIONS; AND, DISCLOSING CONFIDENTIAL INFORMATION DURING A TELEPHONIC COMMUNICATION IS NOT PROTECTED BY THE LITIGATION PRIVILEGE ........ 6

B. THE LITIGATION PRIVILEGE DOES NOT APPLY TO EITHER THE FDCPA; AND/OR, RFDCPA ........ 7

1. *The Central District of California has repeatedly held that the litigation privilege does not apply to either the FDCPA or RFDCPA* ........ 10

VI. CONCLUSION ........ 11


KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

# TABLE OF AUTHORITIES

**CASES** **PAGE(S)**

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................4

*Bentley v. Great Lakes Collection Bureau, Inc.*,
6 F.3d 60 (2d Cir. 1993) ..............................................................8

*Branco v. Credit Collection Servs.*,
2011 U.S. Dist. LEXIS 94077 (E.D. Cal. 2011) ..........................2

*Brown v. Defender Sec. Co.*,
2012 WL 5308964 (C.D. Cal. 2012) .............................................5

*Butler v. Resurgence Fin., LLC*,
521 F. Supp. 2d 1093 (C.D. Cal. 2007) .......................................10

*Clark v. Capital Credit & Collection Servs., Inc.*,
460 F.3d 1162 (9th Cir. 2006) ......................................................2

*Clomon v. Jackson*,
988 F.2d 1314 (3rd Cir. 1993) ......................................................2

*Costa v. Nat'l Action Fin. Servs.*,
634 F. Supp. 2d 1069 (E.D. Cal. 2007) ........................................2

*Delino v. Platinum Cmty. Bank*,
628 F. Supp. 2d 1226 (S.D. Cal. 2009) ........................................4

*Ellis v. Solomon & Solomon, P.C.*,
591 F.3d 130 (2d Cir. 2010) ..........................................................5

*Gerber v. Citigroup, Inc.*,
416 U.S. 232 (1974) ....................................................................4

*Gonzales v. Arrow Fin. Servs., LLC*,
660 F.3d 1055 (9th Cir. 2011) ......................................................2

*Gordon v. Credit Bureau of Lancaster & Palmale*, 2012 U.S. Dist. LEXIS 726868)....................2

*Hall v. City of Santa Barbara*, 833 F.2d 1270 (9th Cir. 1986)....................4

*Heintz v. Jenkins*, 514 U.S. 291 (1995)....................passim

*Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (C.D. Cal. 2005)....................3

*Irwin v. Mascott*, 112 F. Supp. 2d 937 (N.D. Cal. 2004)....................10

*Jackson v. Carey*, 353 F.3d 750 (9th Cir. 2003)....................4

*Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324 (2009)....................9

*McDougal v. County of Imperial*, 942 F.2d 668 (9th Cir. 1991)....................4

*Mello v. Great Seneca Fin. Corp.*, 526 F. Supp. 2d 1024 (C.D. Cal. 2007)....................10

*Miranda v. Law Office of Scott Carruthers*, 2011 WL 2037556 (E.D. Cal. 2011)....................5

*Munekiyo v. Capital One Bank, N.A.*, 2011 U.S. Dist. LEXIS 140213 (C.D. Cal. 2011)....................2

*N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896 (9th Cir. 1986)....................4

*Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089 (C.D. Cal. 2006)....................9

*Oxygenated Fuels As'n v. Davis*, 331 F.3d 665 (9th Cir. 2003)....................10

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Parks Sch. Of Bus., Inc. v. Symington*, 51 F.3d 1480 (9th Cir. 1995) ........ 4

*People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (2013) ........ 10

*Puttner v. Debt Consultants of Am.*, 2009 U.S. Dist. LEXIS 48163 ........ 4

*Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235 (N.D. Cal. 2011) ........ 3

*Santos v. LVNV Funding, LLC*, 2012 U.S. Dist. LEXIS 8090 (N.D. Cal. 2012) ........ 9

*Scheuer v. Rhodes*, 416 U.S. 232 (1974) ........ 4

*Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900 (9th Cir. 1995) ........ 8

*Sial v. Unifund CCR Partners*, 2008 U.S. LEXIS 66666 (S.D. Cal. 2008) ........ 9

*Silberg v. Anderson*, 50 Cal. 3d 205 (1990) ........ 6

*Townsend v. National Arbitration Forum, Inc.*, 2012 WL 12736 (C.D. Cal. 2012) ........ 5, 10

*Truong v. Mt. Peaks Fin. Servs.*, 362 F.3d 1219 (9th Cir. 2004) ........ 6, 9

*Turner v. Cook*, 362 F.3d 1219 (9th Cir. 2004) ........ 5

*United States v. City of Redwood City*, 640 F.2d 963 (9th Cir. 1981) ........ 5

*Wade v. Regional Credit Ass'n*, 87 F.3d 1098 (9th Cir. 1996) ........ 1, 2

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

*Weber v. Dep't of Veterans Affairs*,
521 F.3d 1061 (9th Cir. 2008) .......................................................... 4

*Welker v. Law Office of Horwitz*,
626 F. Supp. 2d 1068 (S.D. Cal. 2009) .......................................................... 9

*Yates v. Allied Int'l Credit Corp.*,
578 F. Supp. 2d 1251 (S.D. Cal. 2008) .......................................................... 9

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION**

## I. INTRODUCTION

On June 29, 2015, Defendant LAW OFFICE OF JOHN BOUZANE ("Defendant") lodged Defendant's Motion to Dismiss Plaintiff ALFONSO G. SANDOVAL's ("Plaintiff") Complaint solely alleging that Defendant's conduct as described in said Complaint is protected pursuant to an alleged litigation privilege. Following review of Defendant's Motion in conjunction with applicable legal authority, it is apparent that Defendant offers no justification for dismissing Plaintiff's Complaint. In fact, Defendant's Motion is entirely devoid of any authority that examines the situation at bar and erroneously contradicts Plaintiff's allegations throughout Defendant's Motion while requesting this Court to disregard United States Supreme Court Authority; Ninth Circuit authority; and, California Supreme Court authority. As such, Defendant's Motion should be denied; however, should this Court grant Defendant's Motion in whole, or in part, Plaintiff requests leave of Court to cure Plaintiff's Complaint of any perceived deficiencies.

## II. STATUTORY BACKGROUND

### A. FAIR DEBT COLLECTION PRACTICES ACT

Congress enacted the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") in 1977 "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses", due to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a), (e); *see also Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1099 (9th Cir. 1996) (discussing purpose of

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the FDCPA).[1] The FDCPA is a strict liability statute. *See Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *see also Gonzales v. Arrow Financial Services LLC*, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007). As such, the statute is liberally construed to protect the "*least sophisticated debtor*." *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006) (emphasis added). "This objective standard 'ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd . . . the ignorant, the unthinking and the credulous.'" *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1074 (E.D. Cal. 2007) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

### B. ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, *et seq*. ("RFDCPA"), like its federal counterpart, is designed to protect consumers from unfair and abusive debt collection practices. *See* Cal. Civ. Code § 1788.1. The RFDCPA is a strict liability statute. *See Branco v. Credit Collection Servs.*, 2011 U.S. Dist. LEXIS 94077, 26 (E.D. Cal. Aug. 23, 2011); *Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162 (9th Cir. 2006); *Gordon v. Credit Bureau of Lancaster & Palmdale*, 2012 U.S. Dist. LEXIS 72868, 4 (C.D. Cal. Apr. 20, 2012). "Whether or not a communication or debt collection practice is deceptive under the RFDCPA is determined from the standpoint of the 'least sophisticated debtor.'" *Munekiyo v. Capital One Bank, N.A.*, 2011 U.S. Dist. LEXIS 140213, 15 (C.D. Cal. Dec. 5, 2011) (citing *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

---

[1] These consumer protection statutes protect the "consumer" or "alleged debtor" from the abusive and deceptive practices of debt collectors (*see e.g.*, Cal. Civ. Code § 1788.1(b) ("It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts…")), who may also be creditors (*see e.g.*, *Herrera v. LCS Financial Services Corp.*, 2009 U.S. Dist. LEXIS 122775, *26 (N.D. Cal., Dec. 22, 2009).

The RFDCPA provides, in relevant part, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code." Cal. Civ. Code. § 1788.17. Thus, when a defendant violates any of the provisions of sections 1692b to 1692j of the FDCPA, the defendant also violates section 1788.17 of the RFDCPA. *See Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104, 1118 (C.D. Cal. 2005) (Snyder, J.) ("Because defendant has violated the FDCPA..., the Court concludes that defendant has also violated Cal. Civ. Code § 1788.17"); *Reyes v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 2235, 58 (N.D. Cal. Jan. 3, 2011) (the definition of "debt collector" and "debt" is broader under the RFDCPA than under FDCPA).

## III. STATEMENT OF FACTS

On or about November 21, 2011, Plaintiff is alleged to have incurred financial obligations to the original creditor. [Plaintiff's Complaint, ECF No. 1 ("Complaint"), ¶ 20]. Sometime thereafter, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. [*Id*. at ¶ 23]. Subsequently, Plaintiff paid Plaintiff's alleged debt in full on August 14, 2014. [*Id*. at ¶ 24]. Despite receipt of full payment, the original creditor transferred Plaintiff's alleged debt to Defendant for collection. [*Id*. at ¶ 25]. In connection with the collection of Plaintiff's alleged debt, Defendant sent Plaintiff a written communication dated October 3, 2014. [*Id*. at ¶¶ 25-27]. Therein, Defendant stated that Plaintiff's alleged debt in the amount of $2,818.37 would accrue interest at the rate of 10% annually and daily interest in the amount of $0.75. [*Id*. at ¶ 29]. Since Plaintiff had already satisfied Plaintiff's alleged debt, Plaintiff did not owe any amount to Defendant, nor would Plaintiff's alleged debt accrue any interest. [*Id*. at ¶¶ 30-32].

Moreover, Defendant also disclosed confidential information regarding Plaintiff's alleged debt to an unauthorized third party during a January 27, 2015

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

telephonic communication. [*Id.* at ¶¶ 36-39]. Through this conduct, Defendant violated both the FDCPA; and, the RFDCPA.

## IV. LEGAL STANDARD

"A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint." *Delino v. Platinum Cmty. Bank*, 628 F. Supp. 2d 1226, 1230 (S.D. Cal. 2009). The court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to plaintiffs. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *N.L. Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). To survive a motion to dismiss, a plaintiff need only allege facts that are enough to raise his or her right to relief "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (S. Ct. 2007).

A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," and not simply conceivable. *Id.* at 1974; *Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). The court looks not at whether the plaintiff "will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Jackson v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003). A complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Puttner v. Debt Consultants of Am.,* 2009 U.S. Dist. LEXIS 48163 *8 (S.D. Cal. June 4, 2009). On a Rule 12(b)(6) motion, the court does not "[r]equire heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Twombly,* 550 U.S. at 570. In the Ninth Circuit, the Rule 12(b)(6) motion is viewed with disfavor and is rarely granted. *McDougal v. County of Imperial*, 942 F.2d 668, 676 n.7 (9th Cir. 1991) (quoting *Hall v. City of Santa Barbara*, 833 F.2d 1270, 1274 (9th Cir. 1986)).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

"For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6)." *Brown v. Defender Sec. Co.,* 2012 WL 5308964 *2 (C.D. Cal. Oct. 22, 2012) (citing *United States v. City of Redwood City,* 640 F.2d 963, 966 (9th Cir. 1981). As a general rule, leave to amend a complaint, which has been dismissed, should be freely granted. Fed. R. Civ. P. 15(a).

## V. ARGUMENT

When alleging an FDCPA and/or RFDCPA claim, a plaintiff must establish that (1) the plaintiff is a "consumer"; (2) who was the object of a collection activity arising from a "debt"; (3) the defendant is a "debt collector"; and, (4) the defendant violated a provision of the FDCPA and/or RFDCPA. *Townsend v. National Arbitration Forum, Inc.,* 2012 WL 12736, *8 (C.D. Cal. Jan. 4 2012) (citing *Miranda v. Law Office of D. Scott Carruthers,* 2011 WL 2037556, *4 (E.D. Cal. May 23, 2011); *Turner v. Cook,* 362 F.3d 1219, 1227-28 (9th Cir. 2004)). "To recover damages, a consumer does not need to show intentional conduct on the part of the debt collector." *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010).

Here, Defendant does not dispute a single element of Plaintiff's prima facie case; however, Defendant seeks to excuse Defendant's conduct pursuant to an alleged litigation privilege. As discussed herein, Defendant's Motion should be denied because (A); the litigation privilege does not apply to either the FDCPA; and/or RFDCPA;[2] and, (B) the litigation privilege does not apply to Defendant's written or telephonic communications. Thus, Defendant's Motion should be denied.

///

///

[2] Defendant does not dispute that Cal. Civ. Code § 1788.17 incorporates the FDCPA into its terms; thus, Plaintiff's discussion will focus on the FDCPA.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

### A. DEFENDANT'S ILLEGAL CONDUCT OF SENDING WRITTEN COMMUNICATIONS; AND, DISCLOSING CONFIDENTIAL INFORMATION DURING A TELEPHONIC COMMUNICATION IS NOT PROTECTED BY THE LITIGATION PRIVILEGE.

Defendant contends that the litigation privilege some how protects Defendant from liability in this case despite no allegations in Plaintiff's Complaint pertaining to any of Defendant's conduct during any litigation. While Defendant provides this Court with general background authority regarding the litigation privilege, Defendant has failed to provide any legal authority for the proposition that any of Defendant's specific activities are privileged. Defendant has also failed to acknowledge that the term "debt" as defined by the FDCPA explicitly includes alleged financial obligations "whether or not such obligation has been reduced to judgment." *See* 15 U.S.C. § 1692a(5). As such, Defendant's attempt to collect an alleged debt that has been reduced to a judgment via non-judicial means does not automatically provide the shield Defendant seeks and, on the contrary, is an exact situation contemplated by Congress. Thus, Defendant's attempt to utilize the litigation privilege is unavailing and Defendant's Motion should be denied. Regardless, Plaintiff discusses the litigation privilege thoroughly herein in an abundance of caution.

"California Civil Code § 47(b) provides in pertinent part that a privilege attaches to a publication or broadcast made in any judicial proceeding." *Truong v. Mt. Peaks Fin. Servs.*, 2013 U.S. Dist. LEXIS 16332, at *16, 2013 WL 485763 (S.D. Cal. 2013). As explained by the Supreme Court of California, the litigation privilege "applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and, (4) that have some connection or logical relation to the action." *Id*. at *18 citing to *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

///

///

Here, the violations at issue in Plaintiff's Complaint are based upon the written and telephonic communications attempting to collect an invalid debt; and, unauthorized third party disclosures. [*See* Complaint, ¶¶ 25; and, 30]. With the guidance of the California Supreme Court in *Silberg*, it is evident that sending collection letters or placing collection calls of this nature by Defendant, **a non-litigant in the underlying collection action** as admitted by Defendant's Request for Judicial Notice, which were not sent to further the objects of the collection action, cannot seek to benefit from the litigation privilege. For this simple reason, Defendant's Motion should be denied.

### B. THE LITIGATION PRIVILEGE DOES NOT APPLY TO EITHER THE FDCPA; AND/OR, RFDCPA.

Assuming arguendo, this Court determines Defendant's conduct is subject to the litigation privilege, Defendant fails to take into account that the United Supreme Court and the Ninth Circuit have explicitly rejected the very argument at issue in Defendant's Motion. Specifically, the United States Supreme Court has held that when attorneys collect debts, they are debt collectors pursuant to the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995). In that same decision, the Supreme Court held that any claim of litigation privilege is "unconvincing" since the FDCPA applies to the activity of attorneys "even when the activity consists of litigation." *Id*. at 299. Specifically the United States Supreme Court explained that

///

///

///

///

///

///

///

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

> the FDCPA must be read to apply to lawyers engaged in consumer debt-collection litigation for two rather strong reasons. First, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings meets the Act's definition of "debt collector": one who "regularly collects or attempts to, directly or indirectly, [consumer] debts owed...another," 15 U.S.C. § 1692a(6). Second, although an earlier version of that definition expressly excluded "any attorney-at-law collecting a debt as an attorney on behalf of an in the name of a client," Congress repealed this exemption in 1986 without creating a narrower, litigation-related exemption to fill the void. Heinz's arguments for nonetheless inferring the latter type of exemption – (1) that many of the Act's requirements, if applied directly to litigation activities, will create harmfully anomalous results that Congress could not have intended; (2) that a postenactment statement by one of the 1986 repeal's sponsors demonstrates that, despite the removal of the earlier blanket exemption, the Act [FDCPA] still does not apply to lawyers' litigating activities; and, (3) that a nonbinding "Commentary" by the Federal Trade Commission's staff establishes that attorneys engaged in sending dunning letters and other traditional debt-collection activities are covered by the Act, while those whose practice is limited to legal activities are not – are unconvincing.

Further evidence that Congress did not envision a litigation privilege is in the statute itself. As part of the FDCPA, in 15 U.S.C. §1692i, Congress provides that any debt collector who brings legal action on a debt against a consumer must sue in the proper venue or violate the Act. If a litigation privilege existed, section 1692i would be superfluous. As this Court is aware "[w]e must avoid a construction which renders any language of the enactment superfluous." *Security Pac. Nat'l Bank v. Resolution Tr. Corp.*, 63 F.3d 900, 904 (9th Cir. 1995) ("Only where a sensible result is not reachable may we resort to the drastic step of ignoring...statutory language...").

Furthermore, in *Yates v. Allied Int'l Credit Corp.*, 578 F. Supp. 2d 1251 (S.D. Cal. 2008), the Court further reiterated that the litigation privilege does not apply to the FDCPA.

> The [United States] Supreme Court has previously held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. (Internal citations omitted.) This Supreme Court decision further supports the conclusion that the litigation privilege would not override a law protecting against unfair debt collection practices.

Since the United States Supreme Court decision in *Heintz*, a significant number of Courts within the Ninth Circuit have refused to apply to the litigation privilege to the FDCPA or RFDCPA. *Truong*, 2013 U.S. Dist. LEXIS 16332, at * 18. In *Truong*, the Court provided a number of decisions within California wherein the Court explicitly refused to apply the litigation privilege. For example,

> *See Santos v. LVNV Funding, LLC*, 2012 U.S. Dist. LEXIS 8090, 2012 WL 216398 (N.D. Cal. 2012) ("The California litigation privilege does not apply to FDCPA claims."); *Welker v. Law Office of Horwitz*, 626 F. Supp. 2d 1068, 1072 (S.D. Cal. 2009) ("[T]he Court finds ample authority that [California Civil Code § 47(b)] should not be applied to claims arising under the FDCPA or California's Rosenthal Act."); *Sial v. Unifund CCR Partners*, 2008 U.S. LEXIS 66666, 2008 WL 4079281, at *3-5 (S.D. Cal. 2008) (same); *Gerber v. Citigroup, Inc.*, 2009 U.S. Dist. LEXIS 59882, 2009 WL 2058576 (E.D. Cal. 2009) (same).

Based upon the plethora of authority discussed above, it is readily apparent that the litigation privilege does not apply to the FDCPA or the RFDPCA and Defendant has failed to provide valid authority in support of this assertion.[3] Therefore, Defendant's argument to the contrary is meritless.

---

[3] This position has also been upheld by California Appellate Court Opinions that post-date the authority relied upon by Defendant. Specifically, *Komarova v. National Credit Acceptance, Inc.*, 175 Cal. App. 4th 324, 336-337 (2009) explained that the litigation privilege could not be used to shield violations of the

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

**1. *The Central District of California has repeatedly held that the litigation privilege does not apply to either the FDCPA or RFDCPA.***

Courts within the Central District of California have repeatedly held that the litigation privilege does not apply to either the FDCPA or RFDCPA.

For example, following a detailed analysis, the Honorable Margaret M. Morrow of the Central District of California explicitly held that the litigation privilege does not apply to either the FDCPA or RFDPCA. *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1098 (C.D. Cal. 2006). In reviewing the defendant's litigation privilege argument, Judge Morrow explained that "[i]t is well settled that the Supremacy Clause of the United States Constitution grants Congress the power to preempt state and local laws. *See, e.g. Oxygenated Fuels As'n v. Davis*, 331 F.3d 665, 667 (9th Cir. 2003)." *Oei*, 486 F. Supp. at 1098. "As a result, it is equally well settled that the California litigation privilege does not apply to federal causes of action, including FDCPA claims. *See Irwin v. Mascott*, 112 F. Supp. 2d 937, 962-63 (N.D. Cal. 2004) (holding that the litigation privilege does is inapplicable to claims under the FDCPA)." *Id*.

In addition, the litigation privilege was also rejected by the Central District of California in *Townsend v. Nat'l Arbitration Forum, Inc.*, 2012 U.S. Dist. LEXIS 590, at *35, 2012 WL 12736 (C.D. Cal. 2012); *Butler v. Resurgence Fin., LLC*, 521 F. Supp. 2d 1093, 1096-1097 (C.D. Cal. 2007) ("If the litigation privilege were allowed to swallow the protections of the Rosenthal Act, the Legislature's purpose could not be effectuated. Therefore, in light of these considerations, we conclude that the litigation privilege does not apply to the provisions of the Rosenthal

---

RFDCPA. The Court noted that conduct prohibited by the RFDCPA would be negated by the litigation privilege and that a debt collector could immunize illegal conduct merely by filing a lawsuit. In addition, the California Appellate Court in *People v. Persolve, LLC*, 218 Cal. App. 4th 1267 (2013) also declined to apply the litigation privilege to the RFDCPA explaining that such application would render the RFDCPA inoperable. *Id*. at 1275.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

Act."); and, *Mello v. Great Seneca Fin. Corp.*, 526 F. Supp. 2d 1024, 1031 (C.D. Cal. 2007) ("Thus, the litigation privilege cannot immunize [defendant]'s state court lawsuit from liability under California's more specific consumer protection statute, the Rosenthal Act.").

Thus, Defendant's Motion should be denied.

## VI. CONCLUSION

Based upon the foregoing discussion, Plaintiff respectfully requests this Court deny Defendant's Motion since the litigation privilege does not apply to either the FDCPA or RFDPCA pursuant to the United States Supreme Court, the Ninth Circuit and California Appellate authority. Should this Court grant Defendant's Motion in whole or in part, Plaintiff requests leave of Court to cure Plaintiff's Complaint of any deficiencies.

Dated: July 20, 2015

Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: ___/s/ Matthew M. Loker____
MATTHEW M. LOKER, ESQ.
ATTORNEY FOR PLAINTIFF